## No. 2685.—A. Levi *v.* Corkern and Wife, Administrators.

The allegation of ownership of promissory notes in favor of a commercial firm which has since been dissolved, by one of the partners, with a notarial transfer by the other partner, is a sufficient showing of ownership of the notes to entitle the holder to enf rce their payment.

In a suit against the coadministrators and a part ot the heirs, designating them by name, to enforce payment of promissory nctes, and to annul certain donations made to the heirs named, in iraud of their rights as creditors, where it is shown that the widow of the maker of the note is still living, and the debts of the creditors are community debts, the case will be remanded, with instructions to make the widow and all the heirs parties.

APPEAL from the Sixth Judicial District, parish of St. Helena. *Ellis,* J. *McVea & Hunter,* for plaintiff and appellee. *T. C. Ellis* and *J. E. Wilson,* for defendants and appellants.

TALIAFERRO, J. The plaintiff alleges that he is the owner and holder of five several promissory notes amounting to $6399 71, with interest, which notes were executed by the late Hezekiah Thompson, of St. Helena, payable to the order of A. Levi & Co., formerly a commercial firm, composed of petitioner and Edward Neuman, but now dissolved. He brings suit on these notes against the defendants individually, and as coadministrators of the estate of Hezekiah Thompson, and joins, with these, Adeline, Martha Ellen and Benjamin W. Thompson, heirs of the decedent, prays judgment against the representatives of the succession for the sum claimed, and that certain donations of real estate made by Hezekiah Thompson to the four heirs named in the petition be annulled as having been made in fraud of his rights, and that the property so donated be returned to the succession of Thompson and rendered liable to the payment of the petitioner's debt; there being, as he alleges, no other means out of which the debts of the estate can be paid. Letchford & Co., judgment creditors, intervened and joined the plaintiff, adopting his averments as to the fraudulent donations charged by him, and praying that they be revoked.

The coadministrators filed a general denial. They specially deny that the plaintiff is the owner, as he avers, of the obligations sued upon; that, if liable, at all, it is only for their virile shares; and, lastly, the prescription of one year is pleaded in bar of the revocation prayed for.

The judge *a quo,* deciding that the plaintiff had failed to establish his ownership of the notes, rendered judgment of nonsuit against him, and dismissed the intervention.

The plaintiff and intervenor appealed.

The plaintiff and Neuman, it is shown, composed the firm of A. Levi & Co. to whom the notes were made payable. The notarial act whereby Neuman transferred all his right and interest in the assets of the firm to A. Levi, seems to us a sufficient showing of ownership of the notes in plaintiff to enable him to enforce their payment.

One of the defendants excepts, in her answer, that the widow of Hezekiah Thompson is living, and that there are other heirs of his, all.

·of whom have received money from his estate, and that the surviving widow in community, and the heirs not proceeded against in this action, should be made parties, for the reason that if these claims of plaintiff and intervenor are *bona fide* debts against the succession of Hezekiah Thompson, they are community debts, and the widow and all the heirs should contribute to their payment. The testimony show-that there are other heirs of the decedent besides those against whom the suit is brought, and that each of them has received a thousand dollars out of their father's succession.

We think the case should be remanded in order that proper parties may be made; and, to that end, it is ordered, adjudged and decreed that the judgment of the district court be annulled, avoided and reversed. It is further ordered that this suit be remanded to the court of the first instance to be proceeded with according to law, the defendants and appellees paying costs of this appeal.

Rehearing refused.